IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DARRYL FITZGERALD JOHNSON**                                             **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 1:21-cv-256-LG-RHWR**

**TROY PETERSON,** *et al*                                                        **DEFENDANTS**

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

BEFORE THE COURT are the multiple [4][6][8][13] Motions to Dismiss filed by the Defendants. Plaintiff has filed various responses to the Motions to Dismiss re-alleging the claims raised in his Complaint. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge recommends that Defendants' [4][6][8][13] Motions to Dismiss be granted. Plaintiff's federal law claims should be dismissed with prejudice as frivolous, and a strike be imposed under 28 U.S.C. § 1915(g). The undersigned further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

### I. BACKGROUND

On June 9, 2021, Plaintiff Darryl Fitzgerald Johnson ("Plaintiff" or "Johnson"), a postconviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), filed his Complaint with the Circuit Court of Harrison County. Notice of Removal [1-1] at 2. Defendant City of Gulfport, Mississippi, timely removed the case to this Court based on federal question jurisdiction. Notice of Removal [1] at 1-4.

Plaintiff's Complaint asserts claims under 42 U.S.C. 1983, conspiracy to interfere with his civil rights under 42 U.S.C. § 1985, and various state law claims including tortious business interference, destruction of property, environmental clean water hazard, kidnapping, fraud, false pretenses, nuisance, slavery, conspiracy, and false imprisonment. Notice of Removal [1-1] at 4. Plaintiff is proceeding *pro se* and *in forma pauperis*. Plaintiff's claims arise out of his conviction and thirty-two-year sentence for two counts of transferring cocaine. Plaintiff named as Defendants Troy Peterson, Harrison County, Mississippi, Billy Hewes, City of Gulfport, Aaron Fore, State of Mississippi, Lawrence Bourgeois, City of Gulfport Public Works, Leonard Papania, and Warden Hector Portillo. *Id*.

Defendants Lawrence Bourgeois and State of Mississippi have filed a [4] Motion to Dismiss alleging that Plaintiff's claims are *Heck* barred, and that Defendant Bourgeois is entitled to judicial immunity on Plaintiff's federal and state law claims. Mem. in Supp. of Mot. to Dismiss. [5]. Defendants City of Gulfport, Aaron Fore, Billy Hewes, and Leonard Papania have filed a [6] Motion to Dismiss alleging that Plaintiff's claims are *Heck* barred, Plaintiff has failed to establish municipal liability, and that Plaintiff's state law claims are barred by the Mississippi Torts Claim Act. Mem. in Supp. of Mot. to Dismiss. [7]. Defendant Harrison County, Mississippi, has also filed a [8] Motion to Dismiss alleging that Plaintiff's claims are *Heck* barred and that Plaintiff has failed to establish municipal liability. Mem. in Supp. of Mot. to Dismiss [9]. Defendant Troy Peterson has also filed a [13] Motion to Dismiss alleging

that Plaintiff's claims are *Heck* Barred, time-barred, and that Defendant Peterson is entitled to qualified immunity. Mem. in Supp. of Mot. to Dismiss. [14].

Plaintiff has filed various responses to the Motions to Dismiss re-alleging the claims made in his Complaint. See Resp. to Mot. to Dismiss [23][26][33][39][41].

## II. DISCUSSION

In *Heck v. Humphrey*, the United States Supreme Court held that civil actions for monetary damages that challenge the legality of state criminal convictions or sentences must await the exhaustion of state remedies, and the plaintiff must show that the conviction or sentence has been struck down, either in state court of via federal habeas corpus. 512 U.S. 477, 486-87 (1994). The question under *Heck* is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487. The *Heck* analysis applies equally to claims under § 1985 that similarly would necessarily imply the invalidity of a conviction or sentence. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994).

Plaintiff's 2016 conviction in the Circuit Court of Harrison County, Mississippi, on two counts of transferring cocaine is the basis of this 42 U.S.C. § 1983 lawsuit. Plaintiff was sentenced as a habitual offender to two consecutive sixteen-year terms in the custody of the Mississippi Department of Corrections ("MDOC"), without eligibility for parole or probation. Plaintiff's conviction and sentence were affirmed by the Mississippi Court of Appeals on March 24, 2020, and the Mississippi Supreme Court denied certiorari on August 3, 2020. *Johnson v. State*, 302 So.3d 648 (Miss. 2020).

If Plaintiff were successful in his claims against these Defendants for allegedly framing him, unlawful arrest, detention, and conviction, and other claims challenging the constitutionality of his criminal proceedings and conviction, it would necessarily imply the invalidity of his detention, conviction, and sentence. Because this section 1983 action calls into question the validity of plaintiff's detention, conviction, and sentence and he does not establish that the conviction and sentence have been invalidated, plaintiff cannot maintain these claims. Plaintiff's § 1983 and § 1985 claims must be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (holding claims dismissed under *Heck* are properly "dismissed with prejudice . . . until the *Heck* conditions are met"). *Heck*-barred claims are legally frivolous, *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996), and this dismissal should count as a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See Bogus v. Harris County District Attorney*, 830 Fed. App'x. 746, 748 (5th Cir. 2020) (affirming the imposition of a strike where the federal claims where *Heck*-barred and the district court declined to exercise supplemental jurisdiction over any remaining state law claims).

To any extent Plaintiff raises state law claims against one or more of the named Defendants, the claims are not cognizable for purposes of section 1983. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental or pendent jurisdiction over a state law claim when it has dismissed all claims over which it has original jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also Enochs v. Lampasas County*, 641 F.3d 155, 161 (5th Cir. 2011) (explaining

that the rule in the Fifth Circuit "is to dismiss state claims when the federal claims to which they are pendent are dismissed"); *Bogus*, 830 Fed. App'x. at 748 (finding the district court "did not abuse its wide discretion by declining to exercise supplemental jurisdiction over any remaining state law claims").

For these reasons, the undersigned recommends that the Court decline to exercise supplemental or pendent jurisdiction over any remaining state law claims raised by Plaintiff.

### III. RECOMMENDATION

The undersigned United States Magistrate Judge recommends that Defendants' [4][6][8][13] Motions to Dismiss be granted. Plaintiff's federal law claims should be dismissed with prejudice as frivolous, and a strike be imposed under 28 U.S.C. § 1915(g). The undersigned further recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

### IV. NOTICE OF THE RIGHT TO OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and

5

recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 30th day of November, 2021.

*s/ Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE